**Nationwide Insurance Co.**
**v.**
**Brown**
*[Cite as 3 AOA 296]*

*Case No. 89AP-1273*
*Franklin County, (10th)*
*Decided May 17, 1990*

*Wirtz & Kohn and Mr. Dennis P. Wirtz, for Plaintiffs-Appellees.*

*Mr. Steve J. Edwards, for Defendant and Third-Party Plaintiff-Appellant.*

*John C. Nemeth and Associates, Mr. John C. Nemeth and Mr. David A. Caborn, for Third-Party Defendant-Appellee.*

WHITESIDE, J.

Defendant and thirty-party plaintiff, William J. Brown, appeals from a decision of the Franklin County Municipal Court granting summary judgment in favor of third-party defendant, Erie Insurance Company, and sets forth the following two assignments of error:

"1. The trial court erred in granting summary judgment to third-party defendant Erie Insurance Company for two separate [sic] reasons. Erie failed to introduce as evidence the insurance contract between itself and defendant and third-party plaintiff William Brown thereby failing to prove that it had complied with the provisions in that contract on the proper manner to cancel the insurance contract. Second, the opposing affidavits of Erie and William Brown raise a genuine issue of material fact as whether the notice of cancellation was sent pursuant to R.C. 3937.32.

"2. The notice of cancellation allegedly sent to William Brown by Erie was so confusing and incomprehensible that it did not comply with R.C. 3937.31, et seq."

On January 27, 1987, defendant's car collided with a car owned by Juanita Walker when defendant's car apparently drifted backward while the gear shift was engaged in park. Nationwide Insurance Company, with whom Walker had an automobile liability insurance policy in effect at the time of the collision, and Walker brought suit against defendant. Defendant subsequently joined Ford Motor Company and Erie Insurance Company as third-party defendants.[1]

Third-party defendant filed a motion for summary judgment on August 29, 1989, essentially contending that, although it had previously issued a policy of automobile liability insurance to defendant, the policy was not in effect at the time of the collision because third-party defen-

dant had cancelled the policy when defendant failed timely to remit the premium payment due November 1, 1986, prior to the lapse date. Submitted in support of the motion was an affidavit from the supervisor of third-party defendant's Acknowledgement Section, Policyholder Accounting Department, which stated, in pertinent part:

"(d) Payment in the amount of $45.00 came due on the renewal policy on November 1, 1986;

"(e) No payment was received by Erie Insurance Group, and the acknowledgement section prepared a notice of cancellation on November 17, 1986, a copy of which is attached hereto as Exhibit 'A.' Said notice indicated that cancellation would be effective at 12:01 A.M. on December 19, 1986. The listed mailing address was 7922 Third street, P.O. Box 20, Orient, Ohio 43146;

"(f) The United States Post Office acknowledged receipt of the notice for mailing and attested that postage was adequate per its official postmark upon the mailing certificate listing, which is attached hereto and marked Exhibit 'B.' Said postmark is dated November 17, 1986;

"(g) The notice was duly mailed in an envelope with Erie Insurance Group's return address clearly labeled upon it, and the records maintained by Erie reflect that the notice of cancellation was not returned to Erie subsequent to mailing;

"(h) Erie Insurance Group did not receive payment from Third-Party Plaintiff, and the policy was cancelled effective December 19, 1986."

Defendant filed a memorandum in opposition to third-party defendant's motion, including therewith an affidavit in which defendant stated he never received notice of the cancellation of his insurance policy. On September 28, 1989, summary judgment was granted third-party defendant by the trial court, and defendant filed the instant appeal.

By his first assignment of error, defendant primarily contends that third-party defendant should not have been granted summary judgment because a genuine issue of material fact exists as to whether the notice of cancellation of defendant's insurance policy was mailed pursuant to R.C. 3937.32. This section provides that, "[n]o cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation."

Additionally, pursuant to R.C. 3937.33, to be effective, the notice of cancellation must be "mail[ed] to the insured, at his last known address appearing on the insurer's records, at least thirty days prior to the effective date of cancellation."

Third-party defendant argues that a presumption arose that the notice of cancellation was properly mailed upon evidence that a postmark was applied to the mailing certificate and that the envelope was never returned to third-party defendant. It is third-party defendant's contention that, given defendant's failure to deny that he was cognizant of the insurance being cancelled, defendant's sworn affidavit that he never received the notice does not rebut the presumption of valid mailing, and thus, summary judgment was warranted.

However, Civ. R. 56(C) dictates that a motion for summary judgment may be granted only where the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doubts are to be resolved and evidence is to be construed most favorably in behalf of the nonmoving party. When the evidence is so construed and reasonable minds can reach only the conclusion which is adverse to the nonmoving party, summary judgment may be proper. Civ. R. 56(C); *Harless* v. *Willis Day Warehousing Co.*(1978), 54 Ohio St. 2d 64.

Given the parameters inherent in the summary judgment standard, we find that summary judgment was improperly granted in this case. Two affidavits were filed:

"[o]ne by third-party defendant, which states that the notice of cancellation was mailed to defendant at his last known address, and the other by defendant who stated that he never received the notice."

Even if the statute requires only the mailing, we find that defendant's affidavit is sufficient to raise a genuine issue of material fact as to whether the notice of cancellation was actually mailed. Letters mailed are ordinarily delivered if properly addressed. The affidavit as to mailing is based only upon review of records, not personal knowledge. The attached copy of a "certificate" of mailing contains no certificate--only a postmark and an address with no indication of what was mailed. Defendant, of course, has no personal knowledge of third-party defendant's records. However, he does have knowledge of the fact that he did not receive the notice which he should have received if it were actually mailed. Defendant's affidavit is sufficient to raise a genuine issue of fact, especially since the evidence of mailing is only that the records of third-

party defendant indicate a notice was mailed, which, although *evidence* of mailing, does not conclusively establish that a notice was mailed.

This court recently addressed the identical issue in *General Motors Acceptance Corp.* v. *DiPaolo* (Sept. 21, 1989), Nos. 89AP-441 and 89AP-442, unreported (1989 Opinions 3429). In *DiPaolo*, we held that summary judgment in favor of the insurer was erroneously granted where competing affidavits raised an issue of fact concerning whether the insurer's notice of cancellation was actually mailed to the insured. Although third-party defendant herein argues that *DiPaolo* is distinguishable, we see no distinction regarding the central issue.

Defendant also argues as part of his first assignment of error that third-party defendant has the burden of proving that the notice of cancellation complied with the cancellation terms of the insurance policy; that third-party defendant failed to introduce the insurance policy into evidence; and that third-party defendant, thus, should not have been granted summary judgments.

However, the only issue raised by third-party defendant in its motion for summary judgment and by defendant in his memorandum in opposition to third-party defendant's motion was whether the notice of cancellation complied with the pertinent statutory provisions, R.C. 3937.30, *et seq.* The issue of whether the notice of cancellation complied with the terms of the insurance policy was not raised in the trial court, and we decline to consider the issue raised for the first time on appeal.

Accordingly, the first assignment of error is well-taken to the extent that granting summary judgment in favor of third-party defendant was error since there is a genuine issue of fact upon the issue of whether the notice of cancellation was mailed pursuant to the terms of R.C. 3937.32 and 3937.33.

By his second assignment of error, defendant argues that the trial court erred in granting summary judgment to third-party defendant on the ground that the notice of cancellation did not comply with R.C. 3937.32(F), which requires the notice to contain, *inter alia:*

"A statement that if there is cause to believe such cancellation is based on erroneous information, or is contrary to law or the terms of the policy, the insured is entitled to have the matter reviewed by the superintendent of insurance, upon written application to the superintendent made not later than the effective date of cancella-tion of the policy, and that if a hearing is held by the superintendent of insurance, a deposit of five dollars shall be made, and that such deposit shall be returned to the insured if the findings is in his favor."

The notice of cancellation which was allegedly mailed to defendant consists of a typed page with pertinent information relating to the cancellation of the insurance policy, and at the bottom of the page is a statement which reads:

"If this cancellation is not your request, you may have additional rights.
* * *

"DC, Maryland, Ohio, Tennessee and West Virginia residents, please read enclosed Notice of Rights * * *."

A second typed page with the phrase "NO-TICE OF RIGHTS TO HAVE THIS ACTION REVIEWED" in bold type contains the following paragraph:

"OHIO RESIDENTS

"If you have cause to believe this cancellation is based on erroneous information, or is contrary to law or the terms of the policy, you are entitled to have the matter reviewed by the Director of Insurance, upon written application to the Director made not later than the effective date of cancellation of the policy shown on the enclosed Cancellation Notice. If a hearing is held by the Director of Insurance, you will be required to deposit $5.00. This deposit will be returned to you if the finding is in your favor. Send your written request to: Director of Insurance, 2100 Stella Court, Columbus, OH 43266-0566."

Dependant argues that the placement of the statutory language on a page separate from the first page of the notice is inconsistent with the requirement of R.C. 3937.22(F), especially since the paragraph is in the middle of a page framed by similar paragraphs pertaining to other states. Defendant contends that the notice is "incomprehensible to the average citizen."

In light of our discussion in the first assignment of error and our consequent holding that summary judgment is not warranted by these facts, any error by the trial court on this issue must be deemed nonprejudicial. Even were we to reach the issue, the assignment of error must be overruled because we find that the notice minimally complies with R.C. 3937.22. That section includes no specific directions that all of the required language appear on the same page. Bold type is used, and there appears to be nothing misleading about the wording. Furthermore, defendant does not allege that he received the

notice and was confused or misled by it but only that it could be misleading to the ordinary citizen. The second assignment of error is not well-taken.

Accordingly, the first assignment of error is sustained because there is a genuine issue of fact as to whether notice was mailed; the second assignment of error is overruled; the judgment of the Franklin County Municipal Court is reversed; and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY, P.J., and MARTIN, J., concur.

MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

---

[1] All the claims against Ford Motor Company were settled, and, thus, Ford is not longer a party to this action. The sole dispute in this appeal lies between defendant, William Brown, and third-party defendant, Erie Insurance Company. Therefore, all references to "third-party defendant" pertain only to Erie Insurance Company.